UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OLUWATOYIN JOKOTADE,

      Petitioner,

v.                                    Case No: 2:13-cv-64-FtM-29DNF

STUART K. WHIDDON, Sheriff,
ANTHONY AIELLO, Asst. Field
Office Director, MARC J.
MOORE, Field Office
Director, and JOHN MORTON,
Director of ICE,

      Respondents.[1]

_____

## __ORDER OF DISMISSAL__

     This matter comes before the Court upon review of Respondent's Response (Doc. #7, Response) and exhibits attached thereto (Doc. #7-1 through #7-7), supplemental response incorporating therein a motion to dismiss the § 2241 petition as moot (Doc. #11, Motion), and supporting exhibits consisting of the "voluntary departure and

_____

[1]Petitioner named several Respondents.  <u>See</u> Petition at 1. Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts, which also applies to cases filed under § 2241, provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."  The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." <u>Rumsfield v. Padilla</u>, 542 U.S. 426, 435 (2004).  This is "'the person with the ability to produce the prisoner's body before the habeas court.'" <u>Id.</u> at 435-436.  In this case, the proper Respondent is Sheriff Whiddon because he was Petitioner's immediate custodian.  All other named Respondents will be dismissed from this action.

verification of departure form" (Exh. A). Petitioner has not filed a reply to the supplemental response, likely as a result of his voluntary departure from the United States. See docket. This matter is ripe for review.

**I.**

Petitioner Oluwatoyink Jokotade, a citizen of Nigeria, filed a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. #1, Petition), while detained at the Glades County Jail, on January 31, 2013. Petitioner challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c).[2] Petitioner, *inter alia*, submits that he was not immediately taken into ICE custody after completion of his criminal sentence; that he is not subject to § 1226(c); and, that he is entitled to an individualized bond hearing. Petition at 1-3. As relief, Petitioner seeks an individualized bond hearing and any other relief deemed appropriate by the Court. Id. at 5.

Pursuant to the Court's order, Respondent filed a Response to the Petition and attached supporting exhibits including in pertinent part: records from Petitioner's circuit court criminal

---

[2]The Court recognizes that on January 28, 2015, Congress proposed amendments to 8 U.S.C. § 1226. One of those amendments removes subsection (e) of § 1226, entitled "Judicial Review." This subsection tried to limit judicial review of the Attorney General's discretionary judgment regarding the application of this statute. Nevertheless, the United States Supreme Court recognized in Demore v. United States, that subsection (e) does not deprive the federal courts of jurisdiction when a petitioner challenges the constitutionality of his/her detention under § 1226(c). Demore, 538 U.S. 510, 517 (2003).

convictions arising in Broward County, Florida (Doc. #7-1-#7-2); the "record of deportable/inadmissible alien" form dated November 15, 2011 (Doc. #7-3); the "Notice to Appear" form (Doc. #7-4); the "Notice of Custody Determination" form (Doc. #7-5); an order from the Immigration Judge declaring mandatory detention issued on December 13, 2011 (Doc. #7-6); and, a Declaration from the Immigration Court Administrator Custodian of Records (Doc. #7-7).

Respondent files a Response opposing the Petitioner in its entirety. See Response. Respondent explains that after Petitioner was held in county jail on violation of probation, he was immediately turned over to DHS Customs and Border Protection officials upon his release on bond. Response at 2-3 (citing Exh. 3). Respondent further submits that Petitioner is properly detained under § 1226(c) because he was convicted of a qualifying offense under § 1226(c) (i.e. two separate convictions of grand theft, which is a crime involving moral turpitude rendering Petitioner subject to deportation).[3] Response at 5-6. Further,

---

[3]Title 8 U.S.C. § 1226(c) entitled "detention of criminal aliens" provides:

> (1) Custody
>
> The Attorney General shall take into custody any alien who—
>
>> (A) is inadmissible for reason of having committed any offense covered in section 1182(a)(2) of this title,

Respondent asserts that Petitioner was afforded an individualized bond hearing.  Response at 6 (citing Exh. 6).

　　After Respondent filed its Response, Petitioner relinquished his former lawful permanent resident status and the Immigration Court granted his request to voluntary depart to Nigeria in lieu

---

>　　(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii),(A), (ii), (B), (C), or (D) of this title
>
>　　(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
>　　(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title.
>
>when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
>
>(2) Release
>
>The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, potential witness . . . and the alien satisfies the Attorney General that the alien will not pose a danger to society . . . .

of removal; thus, prompting Respondent to file a motion to dismiss the petition as moot.  See generally Motion at 1-2 (citing Soliman v. U.S. ex rel INS, 296 F.3d 1237, 1243 (11th Cir. 2002) (holding that "it is abundantly clear that petitioner's request for relief from ICE custody was moot after he was removed from the United States"); Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (holding that "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome"); Exh. A.  Respondent argues that this case is controlled by Soliman; and therefore this Court should dismiss the petition as moot.  Motion at 2.

## II.

The uncontested factual history set forth in Respondent's Response is as follows:  Petitioner entered the United States in August 1997 and shortly thereafter adjusted his status to that of lawful permanent resident.

On June 4, 1999, Petitioner pled *nolo contendere* to third degree grand theft in violation of Florida Statute § 831.014(a),(b), and (2)(c); uttering a forged instrument in violation of Florida Statute § 831.02; and possession of an unlawfully issued driver's license in violation of Florida Statute § 322.212. Response at 1 (citing Doc. #7-1).  The Broward County Court withheld adjudication and sentenced Petitioner to eighteen months of probation.

On May 28, 2002, Petitioner pled guilty to grand theft in violation of Florida Statute § 812.014(c)(2); uttering a forged instrument in violation of Florida Statute § 831.02; and fraudulent use or possession with intent to fraudulently use personal identification in violation of Florida Statute § 817.568(2). Response at 2 (citing Doc. #7-2).

In November 2011, the North Miami Police Department arrested Petitioner during a probation compliance check.  The police department found Petitioner possessed 500 pieces of identify information and three fraudulent Florida driver's licenses or identification cards.  Response at 2 (citing Doc #7-3).  The police department contacted DHS/ICE and booked him into the Dade County Jail.  Response at 2.

On November 21, 2011, Petitioner was released on bond from the county jail and turned over to DHS Customs and Border Protection.  See generally Response at 2.  DHS transported Petitioner to immigration custody.  Id.  That same day, DHS served Petitioner with a notice to appear charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.  Id.  ICE also served Petitioner with a notice of custody determination advising that he was being detained pursuant to 8 U.S.C. § 1226.  Id.

On December 13, 2011, an Immigration Judge determined that Petitioner was subject to mandatory detention and denied his request for bond.  Id.  On January 31, 2013, Petitioner filed the instant 2241 Petition.  On December 30, 2013, after receiving an enlargement of time, Petitioner voluntarily departed the United States.  Motion at 1; Exh. A.

## III.

Petitioner does not contest that his criminal convictions subjected him to deportation under the Immigration and Nationality Act ("INA").  See Petition.  Thus, Moncrieffe v. Holder, ___ U.S. ___, 133 S. Ct. 1678 (2013) is not applicable here.  Id. (holding that if a non-citizen's conviction for a marijuana offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, it is not an aggravated felony under the INA).  Nor, does the Petition challenge Petitioner's removal proceedings.  See Lopez v. Gonzales, 549 U.S. 47 (2006)(finding that removal of an alien from the United States will not moot a challenge to the removal proceeding).  As previously mentioned, in September 2013, an Immigration Judge granted Petitioner's voluntary departure under safeguard in lieu of removal. Motion at 1.  Petitioner waived his appeal.  Id.  On December 30, 2013, Petitioner voluntarily departed the United States to return to Nigeria.  Id. (citing Exh. A).

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013).  This case or controversy requirement must be present through all stages of federal judicial proceedings. Id.  A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps., ____ U.S. _____, 132 S. Ct. 2277, 2287 (2012)(internal quotation marks omitted).  Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is deemed moot. Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of 28 U.S.C. § 2254).

In this case, it is undisputed that Petitioner has left the United States.  See Motion at 1; Exh. A.  To the extent Petitioner sought an individualized bond hearing, and/or release from his confinement pending deportation, the Court can no longer give Petitioner any meaningful relief.  Soliman v. United States, 296 F.3d 1237, 124243 (11th Cir. 2002) (dismissing as moot an appeal of a § 2241 petition seeking release form a lengthy detention pending removal because the alien had been returned to his native country).  Since Petitioner has already departed the United States, it is impossible for the court to grant any effective relief, and therefore the case is moot.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Respondents March Moore, Anthony Aiello, Eric Holder, Janet Napolitano, and John Morton are **DISMISSED**.

2.   Respondent's motion to dismiss (Doc. #11) is **GRANTED**. The Petition is **dismissed without prejudice as moot**.

3.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __28th__ day of May, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record